**Commonwealth v. Griffith**

*William J. Davies,* for Commonwealth.

*Jon Auritt,* for defendant.

CATANIA, J., December 2, 1971,—Defendant is charged with being an accessory before, during and after the fact of an aggravated assault and battery and sodomy on the person of one Paul A. Hannafin, while both persons were in custody at the Delaware County Prison in Broadmeadows, February 7 and 8 of 1971. A hearing was held before this court on June 2, 1971, at the conclusion of which we certified the case to the Criminal Division of the Court of Common Pleas of Delaware County, Pa.

At a subsequent date, defendant acquired new counsel who requested a rehearing on the issue of whether or not defendant's case should have been certified to the adult court. The rehearing was held September 14, 1971, at which defendant was re-presented by his new counsel.

The testimony elicited at the hearing indicated the charges against defendant involved matters which were extremely serious which were perpetrated in an aggressive, violent and premeditated manner involving personal violence to the victim. The alleged offense was against the person of one Paul A. Hannafin, who was injured when he was beaten and threatened while being forced to submit to numerous involuntary acts of sodomy.

The part allegedly played by the present defendant was that he lured the victim to the cell where the attack took place and that after luring the victim to the place where the attack occurred, he took up a post where he maintained a lookout for the guard in order to warn

the actual perpetrators of the act of sodomy. That following the completion of the act by the alleged co-conspirators, defendant acted as a messenger back and forth between the actual participants the following day when they were attempting to agree upon a story that they were going to tell the prison authorities.

In certifying this case to the Criminal Court, we took into consideration the record and previous history of defendant including previous contacts with the Juvenile Court and Probation Department and prior period of probation with this court. It should be noted that when the previous juvenile record and studies of defendant from prior contact with the Juvenile Court were testified to, there was an objection by the attorney for defendant based upon the fact that he had not had time to study these records. These records were made available to the attorney for defendant prior to his cross-examining of the witness from the Juvenile Probation Department of Delaware County and he was permitted time to study these records and then cross-examine from them. It should be noted also that no request for these records was made to the court prior to the date of hearing.

The offenses here charged are punishable by imprisonment in a State prison and we felt that the history of the juvenile necessitated that the State prosecute the case in an adult court where the juvenile would be given the full protection of a trial by jury and other constitutional guarantees not available to him in the Juvenile Court. At the time of the court order on September 14, 1971, the juvenile was past his eighteenth birthday.

There was also a question raised by the defense counsel as to whether or not defendant and his parents received a copy of the Juvenile Court petition. After considering the testimony, we are convinced that they

had been served with a copy of this petition. It is for these reasons that we certified this case to the Court of Common Pleas of Delaware County, Pennsylvania, Criminal Divison.